IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN MAE POLK, | No. C 12-5986 WHA (PR) |
| Petitioner, | **ORDER TO SHOW CAUSE; DENYING PENDING MOTIONS** |
| v. | |
| MATTHEW CATE, | (Docket Nos. 9, 10, 12) |
| Respondent. | |

## INTRODUCTION

Petitioner, a California prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. 2254. She has paid the filing fee. Respondent is ordered to show cause why the petition should not be granted based on petitioner's cognizable claims and petitioner's various motions are decided, below.

## STATEMENT

In 2006, petitioner was convicted in Contra Costa County Superior Court after a jury found her guilty of second-degree murder and the use of a weapon. She was sentenced to a term of sixteen years to life in prison. On direct review, the California Court of Appeal affirmed the conviction and sentence, and the California Supreme Court denied a petition for review. Petitioner filed a large number of collateral and post-conviction petitions in all three levels of the California courts.

**ANALYSIS**

**A.  STANDARD OF REVIEW**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief which are available to the petitioner ... and shall set forth in summary form the facts supporting each of the grounds thus specified." Rule 2(c) of the Rules Governing Section 2254 Cases, 28 U.S.C. foll. 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

**B.  LEGAL CLAIMS**

Petitioner sets forth 89 claims, grouped into nine categories, as grounds for federal habeas relief. When liberally construed, these claims are cognizable, and an order to show cause will issue.

**CONCLUSION**

In light of the foregoing,

1. The clerk shall mail a copy of this order and the petition with all attachments to the respondent and the respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on the petitioner.

2. Respondent shall file with the court and serve on petitioner, within **84 days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on the claims found cognizable herein. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously

2

and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within **28 days** of the date the answer is filed.

3. Respondent may file, within **84 days**, a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within **28 days** of the date the motion is filed, and respondent shall file with the court and serve on petitioner a reply within **14 days** of the date any opposition is filed.

4. Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

5. Petitioner's application for a temporary restraining order ("TRO") for further access to her legal papers (dkt. 10) is **DENIED** for failure to comply with the notice requirements Federal Rule of Civil Procedure 65(a)(1). She has paid the filing fee, and her application to proceed in forma pauperis (dkt. 12) is **DENIED** as unnecessary. Her application to file or lodge trial transcripts (dkt. 9) is also **DENIED** as unnecessary because respondent has been ordered to do so.

**IT IS SO ORDERED.**

Dated: December 20, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.12\POLK5986.OSC.wpd

3