IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN MAE POLK, | No. C 12-5986 WHA (PR) |
| Petitioner, | **ORDER GRANTING LEAVE TO FILE SECOND AMENDED PETITION; TO SHOW CAUSE; EXTENDING TIME TO ANSWER; DENYING MOTION FOR DISCOVERY** |
| v. | |
| MATTHEW CATE, | |
| Respondent. | (Dkt. 19, 22) |

Petitioner, a California prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. 2254 setting forth 89 claims. On December 21, 2012, respondent was ordered to show cause why the writ should not be granted based upon these claims. On January 31, 2013, petitioner was granted leave to file an amended petition also setting forth 89 claims, and respondent was again ordered to show cause why the writ should not be granted. In the same order, petitioner was informed that she could not continue to amend the petition indefinitely, and that any further amended petition must be submitted on or before March 1, 2013. On March 4, 2013, she filed a motion to file a second amended petition with a proposed second amended petition. The motion was signed on February 28, 2013. Good cause appearing, the motion to file the second amended petition is **GRANTED**. This will be petitioner's final amended petition, and no further leave to amend will be granted.

Petitioner's motion for discovery is **DENIED** because she has not shown "good cause" for the discovery materials she seeks. *See* Rule 6(a) 28 U.S.C. foll. § 2254 (requiring "good

cause" for discovery in federal habeas proceedings)*; Bracy v. Gramley*, 520 U.S. 899, 908-09 (9th Cir. 1997) (good cause for discovery under Rule 6(a) exists if petitioner makes specific allegations showing that if facts are fully developed she will be entitled to relief).

The Clerk is instructed to file the proposed second amended petition (dkt. 22) and mail a copy of it with all attachments to the respondent and the respondent's attorney, the Attorney General of the State of California.

On or before **August 1, 2013**, respondent shall file with the court and serve on petitioner an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on the claims set forth in the second amended petition which are, when liberally construed, cognizable. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition. If petitioner wishes to respond to the answer, she shall do so by filing a traverse with the court and serving it on respondent within **28 days** of the date the answer is filed.

Respondent may alternatively file, on or before **August 1, 2013**, a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within **28 days** of the date the motion is filed, and respondent shall file with the court and serve on petitioner a reply within **14 days** of the date any opposition is filed.

**IT IS SO ORDERED.**

Dated: April __8__, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.12\POLK5986.OSC3.wpd

2