UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SUSAN MAE POLK,

    Petitioner,

v.

KIMBERLY HUGHES, Warden,[1]

    Respondent.

Case No. C 12-5986 VC (PR)

**ORDER ADDRESSING PETITIONER'S MOTIONS; ORDER FOR RESPONDENT TO RESPOND TO MOTION; BRIEFING SCHEDULE ON MOTION TO DISMISS**

Document nos. 52, 53, 56, 57, 63 and 82

    On November 26, 2012, Petitioner Susan Mae Polk, a state prisoner incarcerated at the California Institute for Women, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 asserting eighty-nine claims for relief. Polk then filed an amended petition asserting ninety claims for relief. On January 31, 2013, the Court issued an order for Respondent Kimberly Hughes to show cause why the amended petition should not be granted. Polk filed more amendments. *See* Docket nos. 18, 21, 22, 24. On January 17, 2014, Hughes filed a response to the Order to Show Cause which included a motion to dismiss and argument on the merits of Polk's claims. *See* Docket no. 49. Since Hughes filed her response, Polk has filed more than twenty-six documents consisting of motions, amendments to motions, objections, letters, oppositions and exhibits. *See generally* Docket nos. 52-83. She has also filed a traverse with lengthy attachments and requests for extensions of time to file amended replies. Neither the Court nor Hughes can reasonably be expected to review and understand the plethora of pages and documents that Polk has filed.

    Accordingly, the Court orders as follows. Polk's motions to stay, for copies of portions of the transcript, for access to the law library and for extensions of time, s*ee* docket nos. 52, 53, 56 and 57, are DENIED as moot because, as stated above, Polk has filed a plethora of documents

---

[1] In accordance with Habeas Rule 2(a) and Rule 25(d)(1) of the Federal Rules of Civil Procedure, the Clerk of the Court is directed to substitute Warden Kimberly Hughes as Respondent because she is Petitioner's current custodian.

indicating that her requests in these motions have been resolved. On May 15, 2014, Polk filed another motion for an extension of time to file a response to Hughes's answer. *See* Docket no. 82. This motion is DENIED because, as explained below, the Court issues a new briefing schedule on Hughes's motion to dismiss so that the Court first may address this motion and, if it is denied, will issue a further briefing schedule on the merits of the claims in the petition.

Polk also has filed a motion to strike and to seal privileged information that requires a response from Hughes before the Court addresses it. *See* Docket no. 63. Therefore, Hughes is directed to file a response to this motion within two weeks from the date of this Order. If Polk wishes to file a reply, she may do so two weeks thereafter.

In light of the need to resolve the issues in this case efficiently and effectively, the Court orders a new briefing schedule on Hughes's motion to dismiss, as follows.

1. Within twenty-one days from the date of this Order, Hughes shall file a renewed motion to dismiss, of no more than twenty-five pages, addressing only arguments relevant to dismissal of the petition. In other words, the merits of Polk's claims shall not be addressed in this motion. Hughes shall include as exhibits all of Polk's petitions and filings in state court that are relevant to the motion to dismiss. In order to facilitate the efficient adjudication of the issue of exhaustion, Hughes shall include a chart consisting of four columns: the first column shall list each of Polk's state petitions or appeals by name and number; the second column shall list the claims raised in each petition or appeal; the third column shall list which of Polk's federal claims that petition or appeal exhausts; the fourth column may include any other relevant information about that particular state court filing.

2. Within twenty-one days thereafter, Polk shall file her opposition, of no more than twenty-five pages, to the motion to dismiss. As an attachment, Polk also shall include a chart consisting of the four columns: the first shall list each of her relevant state court filings by name and number; the second column shall list the claims raised in each filing; the third column shall indicate the federal claims each petition exhausted; and the fourth column may include any other relevant information about that particular state court filing. If necessary, Polk shall include as exhibits state court filings that Hughes has overlooked.

2

3. Hughes shall file a reply, of no more than fifteen pages, within fourteen days thereafter.

4. No motions for amendments or for oversized briefs shall be considered.  The Clerk of the Court shall not accept any amendments for filing.

5. Motions for extensions of time are discouraged, but will be considered if good cause is shown.  Each party may move only once for an extension of time.

Based on the above, the Court orders as follows:

1. Polk's motions at docket nos. 52, 53, 56, 57 and 82 are DENIED.

2. Hughes shall file her opposition to Polk's Motion to Strike and Seal within fourteen days from the date of this Order.  Docket no. 63.  Polk may file a reply within fourteen days thereafter.

3. The parties shall follow the briefing schedule set forth above for the motion to dismiss.

**IT IS SO ORDERED.**

Dated:   June 5, 2014

_____
VINCE CHHABRIA
United States District Judge