UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SUSAN MAE POLK,

    Petitioner,

v.

KIMBERLY HUGHES, Warden,

    Respondent.

Case No. C 12-5986 VC (PR)

**ORDER DENYING PLAINTIFF'S MOTION TO STRIKE AND GRANTING, IN PART, PLAINTIFF'S MOTION TO SEAL**

Document no. 63

    Petitioner Susan Mae Polk, a state prisoner incarcerated at the California Institute for Women, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 asserting numerous claims for relief. On March 28, 2014, Polk filed a motion to strike and to seal in which she seeks to strike lines 15-18 on page 44 of Respondent Kimberly Hughes' Answer, doc. no. 49-1, and to seal two letters from mental health experts that are attached to the state probation report in the state Clerk's Transcript at 16 CT 4506-10. Polk also requests that this Court order the state court to seal the two letters.

    Rule 12(f) of the Federal Rules of Civil Procedure provides that the court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent or scandalous matter. Polk's motion to strike is denied because the matter she seeks to strike is not redundant, immaterial, impertinent or scandalous. The sentence Polk wishes to strike is merely Hughes' summary of Polk's statement in Claim 2 of her petition.

    Civil Local Rule 79-5 applies to requests to seal documents. Subsection (b) provides that "a sealing order may issue only upon a request that establishes that the document, or portions thereof, are privileged, . . . or otherwise entitled to protection under the law. The request must be narrowly tailored to seek sealing only of sealable material." Subsection (e) provides the procedure for a submitting party who seeks to file a document that has been designated as confidential by the opposing party. The Court has reviewed the two letters in question, finds that they are confidential and grants Polk's request to seal them. However, because the letters are already in the

1  public record, the procedures in subsection (e) are moot. Therefore, the Clerk of the Court will
2  delete the letters at 16 CT 4506-10, file them under seal, make a note at 16 CT 4506 that the pages
3  have been filed under seal and enter a note in the electronic case docket that these pages are filed
4  under seal.

5       Polk's request for this Court to order the state court to seal the letters is denied; this Court
6  has no authority to do so.

7       This Order terminates docket number 63.

8       **IT IS SO ORDERED.**

10  Dated: September 4, 2014

11  _____
12  VINCE CHHABRIA
    United States District Judge