UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SUSAN MAE POLK,

    Petitioner,

  v.

KIMBERLY HUGHES, Warden,[1]

    Respondent.

Case No. C 12-5986 VC (PR)

**ORDER STRIKING "AMENDED" DOCUMENTS**

Doc. nos. 95, 98-106, 111

    Petitioner Susan Mae Polk, a state prisoner incarcerated at the California Institute for Women, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 asserting numerous claims for relief. On June 5, 2014, the Court set a briefing schedule on Polk's Motion to Strike and Seal and on Respondent Karen Hughes' renewed motion to dismiss. In that Order, the Court noted that Polk had filed so many documents that neither the Court nor Hughes could be expected to review and understand them all. Accordingly, the Court stated that no motions for amendments or for oversized briefs would be considered and directed the Clerk of the Court not to accept any amendments for filing.

    Since the Court issued this Order, Polk has filed many more documents, including amendments to earlier documents. For instance, on July 10, 2014, Polk filed a Second Amended Reply to Respondent's Answer. *See* Doc. no. 99. The Second Amended Reply is 252 pages in length and is accompanied by six additional documents labelled supplemental exhibits, appendixes and amended table of exhibits. Polk's Second Amended Reply with all the attachments and exhibits is responding to Hughes' Answer that was filed on January 17, 2014. *See* doc. no. 49. The Court cannot review documents piecemeal and cannot be expected to know that Polk's reply filed on July 10 is in response to a document filed by Hughes six months earlier. Furthermore, if this is Polk's Second Amended Reply, it is unclear if Polk intends the Court to ignore her original

---

[1] In accordance with Habeas Rule 2(a) and Rule 25(d)(1) of the Federal Rules of Civil Procedure, the Clerk of the Court is directed to substitute Warden Kimberly Hughes as Respondent because she is Petitioner's current custodian.

reply and her First Amended Reply. To add to the confusion, the bottom of the first page of Polk's Second Amended Reply is entitled, "Opposition to Respondent's Motion to Dismiss." Hughes' motion to dismiss was not filed until July 25, 2014, two weeks after Polk filed her Second Amended Reply. Furthermore, on July 14, 2014, Polk filed a Third Amended Reply to Respondent's Answer, which is also over 250 pages in length. *See* doc. no. 111. And, on July 10, 2014, Polk filed a document entitled, "Supplemental Exhibit N" in support of her Third Amended Reply. *See* doc. no. 95.

The Court reiterates that it will not accept or consider amendments to documents. The Court cannot be expected to keep track of Polk's lengthy and piecemeal filings. Therefore, the Clerk of the Court is directed to strike the aforementioned documents from the record and the Court will not consider them.

Based on the foregoing, the Court orders as follows:

1. The Clerk of the Court is directed to strike the documents filed at docket numbers 98-106 and 111.

2. If Polk wishes the Court to return these documents to her she must make such a request within two weeks from the date of this Order. The Clerk shall inform her of the amount of postage that is due. Upon receiving payment for the postage, the Clerk shall return these documents to Polk.

3. The Clerk of the Court is again directed not to file any documents Polk submits that are labelled "amendments." The Clerk shall mark any such document as "received" and send it to the Court for it to determine if it is appropriate for filing or if it should be returned to Polk.

**IT IS SO ORDERED.**

Dated:   September 4, 2014

_____
VINCE CHHABRIA
United States District Judge

2