UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN MAE POLK,<br>        Petitioner,<br>   v.<br>KIMBERLY HUGHES,<br>Warden, Respondent. | Case No. C 12-5986 VC (PR)<br><br>**ORDER DENYING PLAINTIFF'S REQUEST FOR INJUNCTION UNDER FOIA AND STRIKING DOCUMENTS**<br><br>Document nos. 96-98 |

Petitioner Susan Mae Polk, a state prisoner incarcerated at the California Institute for Women, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 asserting numerous claims for relief. Briefing on Respondent Kimberly Hughes' motion to dismiss is in progress. On July 10, 2014, Polk filed a document entitled, "Request for Injunction to Compel FBI to Release Records to Petitioner Under the Freedom of Information Act ("FOIA"). *See* doc. no. 96.

In this document, Polk asserts she recently discovered that, prior to her arrest on the underlying murder charge, the Federal Bureau of Investigation was investigating her. She alleges she has submitted formal requests to the FBI for the information it obtained about her, but the FBI has not responded. She requests that this Court order the FBI to provide her with this information.

Polk contends that this Court has jurisdiction to issue such an order under 5 U.S.C. § 552(a)(4)(B), which provides that a district court has jurisdiction in the district where the complainant resides or in which the agency records are situated, or in the District of Columbia, to enjoin an agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant. However, this statute authorizes jurisdiction when a lawsuit is brought against the agency in question. This case is a petition for a writ of habeas corpus and the only respondent is Hughes, the warden of the prison in which Polk is incarcerated. The FBI is not a defendant in this action and, thus, the Court lacks jurisdiction to issue orders pertaining to the FBI. Therefore, this motion is denied.

Polk also requests the sealing of documents she filed in conjunction with this motion because they contain confidential information.  A request to seal a document or part of a document must be made in compliance with Northern District of California Civil Local Rule 79-5 which provides that the district court may order a document filed under seal "upon a request that establishes that the document, or portions thereof is privileged . . . or otherwise entitled to protection under the law, [hereinafter referred to as 'sealable.']  The request must be narrowly tailored to seek sealing only of sealable material."  Civil Local Rule 79-5 provides specific procedures to be followed when requesting the sealing of a document.

Because the FOIA motion is denied and it may contain confidential information, as an alternative to sealing, the Court orders the Clerk of the Court to strike the motion and its accompanying documents from the record and return them to Polk.

For the foregoing reasons, the Court orders as follows:

1. Polk 's FOIA motion is denied.  Doc. no. 96.

2. The Clerk of the Court shall strike from the record the documents at docket numbers 96-98 and return them to Polk.

**IT IS SO ORDERED.**

Dated:    September 4, 2014

_____
VINCE CHHABRIA
United States District Judge